THE KUBLER LAW FIRM
Robert A. Kubler CSBN 287578
robertkubler@gmail.com
21250 Hawthorne Blvd Suite 500
Torrance, CA 90503
Telephone: (424) 757-4529
Facsimile: (424)-442-1549

Attorney for Plaintiff,
REGINALD TAPP

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REGINALD TAPP, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and Does 1 to 10 inclusive.<br><br>    Defendant. | Civil Action No..<br><br>LACV14-8236 JFW (VBKx)<br><br>**COMPLAINT FOR DAMAGES** |

FILED 2014 OCT 23 PM 3:21 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY:

BY FAX

## COMPLAINT FOR DAMAGES

The plaintiff, Reginald Tapp ("*Mr. Tapp*"), for his complaint for damages against the defendant, United States of America ("USA") acting by and through its Department of Veterans Affairs Veterans Health Administration (the "*VA*"), states:

## PARTIES

1.   Mr. Tapp is an individual domiciled and residing in Los Angeles. Mr. Tapp is a Veteran of the United States Navy and a jet mechanic.

2.   The VA is the country's largest integrated health care system responsible for the healthcare needs of millions of United States Veterans.

3. At all times relevant to this complaint, unnamed DOES were employed by the VA at the VA Greater Los Angeles Healthcare System, located at 11301 Wilshire Blvd, Los Angeles, CA 90073 (the "*Hospital*").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, because the complaint states claims for monetary compensation as a result of injuries suffered by Mr. Tapp from the acts of VA employees acting within the scope of their employment.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1346, because Defendant's liability arises as a result of the actions of VA DOES, Doctors and other staff at West Los Angeles VA Medical Center, located in Los Angeles, California.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

### A. Prior Expert Opinion

6. Prior to filing this action, Plaintiff consulted with doctors at the Brotman Medical Center., Jules Stein Eye Institute who informed Plaintiff to their opinion that the treatment of Plaintiff did not meet the standard of care in many ways, including that there was a too great delay in receiving his treatment to timely treat his diabetic retinopathy, a well-known complication of diabetes, which if left untreated, results in progressive and extensive vision loss, and the ophthalmologists failed to refer him to a retinal specialist earlier.

### B. The Parties

7. The plaintiff is an individual, a veteran, who is a 54 year old diabetic patient of the Veterans Administration. Plaintiff brings this action due to complications from the

1  VA's failure to timely treat him. None of the events alleged herein were during his military service, nor do any of the events relate to his military service.

8.  Defendant USA is sued here as the party bearing ultimate responsibility for the actions, errors, and omissions of its agencies, agents, officers and employees acting within the course and scope of their employment and/or agency. The USA acts by and through its agency the Veterans Administration, through its Doctors and Medical Staff, including but not limited to Does 1 though 10, inclusive.

9.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiffs injuries as herein alleged were legally caused by the negligence of these Defendants.

**C. FACTS LEADING UP TO THIS ACTION**

10.  Laser treatment has been introduced that can significantly decrease the likelihood of blindness in diabetic patients, if the eyes are treated at the appropriate stage of the disease.  Laser treatment is administered for proliferative retinopathy and diabetic macular edema according to the landmark Diabetic Retinopathy Study ("DRS") and the Early Treatment for Diabetic Retinopathy Study ("ETDRS"). These landmark studies have become the world standard in treating Diabetic Retinopathy.

11.  Despite the efficacy of laser photocoagulation to prevent complications of diabetic retinopathy, diabetic retinopathy remains a major cause of blindness in America mainly due to a too late diagnosis of diabetic retinopathy.

12.  In January 2006 Plaintiff was diagnosed with severe *pre*-proliferative diabetic retinopathy (otherwise known as non-proliferative diabetic retinopathy) and told to

come back a year later to a different office. Even after appearing for an appointment in 2008 and complaining of blurry vision he did not receive any necessary treatment and instead told to return by unnamed DOES in 12 months. Plaintiff ultimately did not receive a laser photocoagulation to try and save his vision until May15, 2011, almost 5 years after his diagnosis. By then the damage was already done. In the time between this last ditch surgery effort and the time he was diagnosed he was regularly thwarted from receiving eye examines by being told to appear at different treatment centers in the greater Los Angeles area and then marked in his medical reports as failing to appear at the VA clinic for his appointments. When he did appear for his appointments, for instance in 2008, he was told to come back a year later. Defendant failed to devote sufficient resources to treat Plaintiff.

13.     Retinopathy is the ocular complication of diabetes that most often leads to impaired vision. Since the 1990's laser treatment has been introduced that can significantly decrease the likelihood of blindness in diabetic patients, *if* the eyes are treated at the appropriate stage of the disease. According to the ETDRS the risk of severe visual loss was only seen in 2-6% in eyes assigned to early photocoagulation. Meaning had Mr. Tapp received laser surgery in 2006 he would have had a 98% to 94% chance he would not be blind today.

14.     Because of the risk of progressing from a severe non-proliferative retinopathy to proliferative diabetic retinopathy within one year is 48.5% the interval between exams per the ETDRS ought to be between 4 and 6 months. However for Mr. Tapp although Linda Wedemeyer M.D. recommended Mr. Tapp to return in 2 months, he was scheduled instead, because of the negligence of the unknown DOES at the VA, told to return instead in 12 months to a different facility for a follow up. This occurred again in 2008 even though he was explicitly complaining of blurry vision. Mr. Tapp accordingly suffered a series of unfortunate events including the Clinic cancelling his surgery multiple times.

15.     Mr. Tapp's care from the VA Clinic further fell below the standard in care; ETDRS further recommends that those with nonproliferative retinopathy have *regular* slit lamp biomicroscopic examination by an *expert* to look for features of retinal ischaemia. Whereas Digital fundus colour photography is a useful *adjunct* to clinical examination. In January 2006 Linda Wedemeyer M.D. of the VA rather than referring Mr. Tapp to an expert for a slit lamp used what the VA had provided, a fundus photography as the primary diagnostic examination with Mr. Tapp. She did not use a slit lamp biomicroscopic examination or gave him a referral for one or to see a retinologist. Mr. Tapp did receive a slit lamp examine finally in January 24, 2011 before having his surgery on May 15, 2011.

16.     Mr. Tapp moreover had a botched pars plana vitrectomy in which the surgeons may have damaged his eyes when he was converted from local anesthesia to general anesthesia. Upon resuming, the surgeon's own notes indicate they noticed that there was more damage to eye (an additional tear in the macula) and noted that they didn't know if they caused that ("unclear whether this was iatrogenic (meaning caused by medical examination or treatment) or not by converting his anesthesia and withdrawing all the medical instruments in his eye. During the pars plana vitrectomy several holes are made in which instruments are then inserted, and in this case they were taken out and then reinserting into new holes once he was under general anesthesia.

17.     Mr. Tapp after his surgery consulted with Ophthalmology at UCLA and was told by the doctors at UCLA that he should of had the procedures on his eyes much earlier and that there had been only a narrow window of opportunity which the VA caused him to miss by constantly postponing surgery.

## FIRST CAUSE OF ACTION
### (AGAINST THE USA AND DOES 1-50)

18.     Plaintiff realleges and incorporates herein, as if set forth in full, all of the

allegations in paragraphs 1 through 15 hereinabove.

19.  Plaintiff is informed and believes that, on that date and continuing, Does 1 through 50, negligently and carelessly treated Plaintiff; and, in failing to timely administer medical care, schedule appointments, etc. ultimately caused injury to him. Such treatment was below the standard of care of reputable physicians, and deviations from responsible medical practices included but were not limited to the failure to examine and evaluate Plaintiff's medical history and records, failure to monitor his condition, failure to consult with appropriate specialists, the failure to perform necessary and needed procedures, failure to timely perform slit lamp examinations, which would have examined the eye more fully and that use of this instrument is mandated by good and accepted practice, failed to be referred to a retinologist after the 2008 examination, where he would have had specialized tests on the retina, such as the floor scene angiogram, which could have identified the source of the patient's vision problems and he would have received timely and appropriate treatment, because the defendant failed to properly diagnose his condition, the patient had to undergo delayed and painful treatment which did not save his vision. Moreover when Mr. Tapp did have an eye surgery (right eye pars plana vitrectomy) it went horribly wrong, causing his retina to detach and other exogenic damage and lasted 4 times longer than necessary. When Mr. Tapp returned a month later the Clinic notes indicate that the vitrectomy machine was thereafter non-operational.

20.  Upon failing to administer necessary laser photocoagulation by the VA Hospital staff until 2011, in spite of recommendations of at least one of the VA staff Physician to return in 2 months instead of 12, DOES at the VA continued to mistreat plaintiff and deny him reasonably necessary medical care by delaying and deferring treatment while his condition deteriorated, including the VA Clinic cancelling surgery multiple times.

21.  As a direct legal result of Defendants' negligence in the care, treatment, and supervision of staff, Plaintiff suffered blindness and an unnecessary and painful

surgery, as well as other injuries to his health, strength and activity, and pain, suffering, and mental and emotional distress. Plaintiff has incurred continuing medical, hospital, and surgical costs, has experienced losses of earnings and earning capacity, and continues to suffer from mental and emotional distress directly and legally resulting from the negligent acts, errors and omissions alleged herein.

### *The Administrative Claim*

1. Mr. Tapp, *pro se*, timely filed an administrative claim for damages with the Department of Veterans Affairs (the "*VA*") following the surgery on his eye alleging a delay in treatment.

2. Plaintiff requested the VA investigate the events that led up to his blindness, including that Plaintiff stated it took several years to get the surgery, the VA delayed providing him his medical records.

3. On June 29, 2012 the Department of Veterans Affairs requested that Mr. Tapp provide further documentation of the department's negligence and provide releases of his medical records. Moreover they specifically requested a narrative report or reports from non-VA experts/reviewers (like Brotman Medical, Jules Stein Eye Institute) who had reviewed his case and expressed the opinion that the VA care at issue in his claim was negligent. The argumentative letter went on to attempt to dissuade Mr. Tapp from submitting his documentation by suggesting he was to blame for his own outcome. The letter admits that once diagnosed in 2006 with severe nonproliferative diabetic retinopathy they merely scheduled him for a follow-up in a year rather than referring him to a specialist, or schedule him for surgery.

4. The VA administratively denied the claim, concluding that there was no negligent or wrongful act on the part of an employee of the VA acting within the scope of his or her employment.

Complaint for Damages (Professional Negligence)

5. On February 4, 2013, Mr. Tapp timely submitted a formal request for reconsideration on the denial of his administrative tort claim.

6. Mr. Tapp received via certified mail a denial to his request for reconsideration from the US Department of Veterans Affairs dated April 23, 2013.

7. The VA delayed providing Mr. Tapp his medical records until July 19, 2014, when he obtained his VHA Electronic Medical Records prepared on June 11, 2014.

8. Plaintiff could not be and was not aware of the nature of the damages until such time as the medical records were fully released in 2014.

9. Accordingly Mr. Tapp is therefore entitled to file this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Reginald Tapp respectfully requests that the Court enter judgment in his favor and against the defendant, the United States of America acting through the Department of Veterans Affairs Veterans Health Administration, awarding such damages as are reasonable to fully and fairly compensate him for all losses, injuries, and damages, for the costs of this action, and for all other relief just and proper in the premises.

**THE KUBLER LAW FIRM**

Dated: OCTOBER 23, 2014        BY:/s/ _____
                                Robert A. Kubler.
                                Attorney for Plaintiff
                                REGINALD TAPP

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

REGINALD TAPP

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

UNITED STATES OF AMERICA, ET AL.

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

THE KUBLER LAW FIRM - ROBERT KUBLER CSBN 287578
21250 HAWTHORNE BLVD SUITE 500
TORRANCE, CA 90503

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

COMPLAINT FOR DAMAGES (MEDICAL MALPRACTICE)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☒ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: LACV14-8236

CV-71 (06/14) CIVIL COVER SHEET Page 1 of 3

By Fax

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☒ Yes  ☐ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED ...ES DISTRICT COURT, CENTRAL DISTRICT O... ..IFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  _/s/ Robert Tufler_   DATE: 10/23/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| REGINALD TAPP, an individual, <br><br> *Plaintiff(s)* <br> v. <br> UNITED STATES OF AMERICA, and Does 1 to 10 inclusive <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. <br><br> LACV14-8236 JFW (VBKx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES OF AMERICA
United States Attorney's Office
Central District of California
312 North Spring Street
Suite 1200
Los Angeles, California 90012

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   THE KUBLER LAW FIRM
ROBERT KUBLER, ESQ.
21250 HAWTHORNE BLVD SUITE 500
TORRANCE, CA 90503

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date: __OCT 23 2014__

*Signature of Clerk or Deputy Clerk*

1174